# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NAUTILUS INSURANCE COMPANY,

      Plaintiff,

v.                                     Case No. 07-10216

F. MOSS WRECKING COMPANY and
DEKANN INVESTMENTS, LLC,

      Defendants.

_____/

### ORDER GRANTING DEFENDANT'S "MOTION FOR DISMISSAL . . ."

Pending before the court is Defendant[1] F. Moss Wrecking Company's "Motion for Dismissal Withpout [sic] Prejudice Perusant [sic] tp FRCP 12(b)(2) and FRCP 56(B) [sic]," which was filed on February 22, 2007.  Defendant Dekann Investments, L.L.C. ("Dekann") has not responded in any manner or filed a concurrence.  Plaintiff Nautilus Insurance Company ("Plaintiff") filed its response on March 5, 2007.  Having reviewed the matter, the court concludes that a hearing is not necessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant the motion.

## I. BACKGROUND

Plaintiff filed in this court a complaint for declaratory judgment, requesting that the court find that Plaintiff owes Defendant no obligation or insurance coverage connected to a separate action that is pending in state court.  (Compl. at 4.)  Plaintiff invoked this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging an amount in controversy exceeding $75,000.  (Comp. at ¶ 4.)  On the merits, Plaintiff

---

[1]Unless otherwise indicated, the court's use of "Defendant" will refer only to Defendant F. Moss Wrecking Company.

alleged that it is not responsible for damages Defendant caused on August 12, 2005 when it, according to the state complaint, intentionally razed Dekann's building, which was adjacent to a building that Defendant was authorized to demolish.  (*Id.* at ¶ 8.)

## II.  STANDARD[2]

When a federal district court rules on a jurisdictional motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.  *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction. *Id.*

## III.  ANALYSIS

Defendant, a Michigan company, claims that federal jurisdiction is lacking because there is no diversity of citizenship and because the amount in controversy is insufficient.  (Def.'s Br. at 5-7.)  Its first argument consists of one paragraph stating that, though Plaintiff is a corporate citizen of Arizona, it "is licensed to sell surplus lines, [sic] of insurance in Michigan and does so as a regular and normal course of its business." (*Id.* at 5.)  Defendant also alleges that Plaintiff is listed as a single insurer with the Michigan Department of Labor and Economic Growth.  (*Id.* at 5-6.)

Defendant's first argument lacks merit.  For purposes of determining diversity jurisdiction, the relevant consideration is citizenship.  28 U.S.C. § 1332(a).  Defendant does not dispute that it and Plaintiff are incorporated in different states.  Further, for

---

[2]Because the court will resolve the motion pursuant to Federal Rule of Civil Procedure 12, the court will not apply Rule 56.

purposes of diversity jurisdiction, corporations are also citizens of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  While Defendant asserts that Plaintiff does *some* business in Michigan, (Def.'s Br. at 5-6), Defendant does not argue that Michigan is Plaintiff's *principal* place of business.  Defendant's argument as it related to citizenship is therefore infirm.

For the amount in controversy, however, Defendant has a persuasive argument. The court must decide certain facts if it is to credit Defendant's argument.  Courts have long held that they are authorized to find facts to the extent necessary to determine the threshold question of jurisdiction.  *See*, *e.g.*, *Rice v. Baltimore & O.R. Co.*, 42 F.2d 387 (6th Cir. 1930).  It is also long established that Plaintiff, as the party seeking a federal forum, bears the burden of proving that the amount in controversy requirement is met. *See*, *e.g.*, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  To justify dismissal, it must appear to this court that "the claim is really for less than the jurisdictional amount . . . ."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

The sole evidence Plaintiff presents regarding the amount in controversy is the state complaint appended to Plaintiff's federal complaint.  The state complaint claims that the estimated cost of replacing the destroyed building is $234,505.50 and that this amount should be trebled pursuant to Michigan trespass law.  (State Compl. at ¶¶ 14-16, Pl.'s Compl. Ex. 2.)  Plaintiff thus argues that its potential liability is well above $75,000.  (Pl.'s Br. at 5-6.)

Defendant presents an affidavit and tax records, arguing that Plaintiff's potential liability in the state case is well below $75,000.  According to the unrebutted affidavit of

3

Floyd Moss, the owner of Defendant, the building "was in a state of advance dilapidation, missing its windows, doors and had no indication of inhabitants or any activity" and that "[t]he property was unkempt and was covered in litter and debris." (Moss Aff. at ¶¶ 3-4, Def.'s Ex. 3.)  Further, Defendant presents tax records for the building, which indicate that in 2006 the state equalized value of the building was $1,250.[3]

Defendant's evidence is sufficient to persuade the court to a legal certainty that the amount in controversy is less than $75,000.  *St. Paul*, 303 U.S. at 289.  The court does not believe that the mere demand in state court for several hundred thousand dollars necessarily means that Plaintiff's potential for liability is equally great.  Plaintiff's suggestion that the measure of damages "is a claim which can be considered by the jury in the state case," (Pl.'s Br. at 6), cannot mean that *only* the state jury may decide the issue for all purposes.  Acceptance of such a broad proposition would, in effect, divest this court of the power to decide its own jurisdiction.  In light of the uncontroverted affidavit and the admittedly minimal value of the property on public record for tax purposes, the court is satisfied that Plaintiff's claim does not meet the amount in controversy requirement.

---

[3]Defendant asserts in its brief that a quitclaim deed recorded in Wayne County in 2005 shows that the City of Detroit sold the property for $500.  Because Defendant presents no record evidence supporting this assertion, the court will not rely upon the alleged 2005 sale price of the property.

4

**IV.  CONCLUSION**

IT IS ORDERED that Defendant's "Motion for Dismissal . . ." [Dkt #3] is

GRANTED.

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated:  March 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 9, 2007, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

5